UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROMAN CHRISTOPHER MESINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1708 (RWR) |
| | ) | |
| ALAN SCHACHT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

In this mandamus action, plaintiff seeks an order to compel defendant to "file a proper oath of office affidavit." Complaint at 1. Defendant moves for summary judgment.[1] Upon consideration of the parties' submissions and the entire record, the Court finds no basis for issuing a writ of mandamus and therefore will grant defendant's motion.

The writ of mandamus is an extraordinary remedy available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "The necessary prerequisites for this court to exercise its mandamus jurisdiction are that '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996) (*quoting American Cetacean Soc'y v. Baldrige*, 768 F.2d 426, 433 (D.C. Cir.

---

[1] In its opening memorandum, defendant mistakenly addresses the complaint as brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, perhaps because of the alleged background facts. Plaintiff captioned his complaint "Motion in the Nature of Mandamus to Remedy an Article VI, Clause III Violation to the United States Constitution by a Federal Officer Acting Under the Color of Law." He confirms in his opposition that this case is not brought under the FOIA. *See* Response to Defendant's Motion for Summary Judgment at 5.

1985), *rev'd on other grounds sub nom., Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221 (1986)).  The Court's mandamus power extends only to ministerial duties of public officials, *i.e.*, those duties that "admit[] of no discretion, so that the official in question has no authority to determine whether to perform the duty."  *Swan v. Clinton*, 100 F.3d at 977.

Defendant is a Special Agent of the Internal Revenue Service subject to the oath requirement of all government employees.  *See* 5 U.S.C. § 3331.  Plaintiff asserts that defendant's oath of office is invalid because the officer who administered the oath, Stephen L. Zachany, was not authorized to perform that duty.  Defendant has demonstrated that as Director Representative, Zachany was duly authorized to administer the oath.  *See* Defendant's Reply at 3-5;[2] *cf.* Defendant's Motion for Summary Judgment, Declaration of Pat S. Genis, Ex. A.  Under the controlling statute:

> An employee of an Executive agency designated in writing by the head of the Executive agency, or the Secretary of a military department with respect to an employee of his department, may administer– (1) the oath of office required by section 3331 of this title, incident to entrance into the executive branch; or (2) any other oath required by law in connection with employment in the executive branch.

5 U.S.C.A. § 2903(b).  Plaintiff has not credibly refuted defendant's evidence that establishes the agency's proper delegation of authority to administer oaths.  *See* Reply attachments (Order of the Secretary of the Treasury; Delegation Order).  He therefore has not established his clear right to relief or defendant's clear duty to act.  The application to issue a writ of mandamus is denied.  A separate Order accompanies this Memorandum.

SIGNED this 22nd day of September 2005.

/s/
RICHARD W. ROBERTS
United States District Judge

---

[2] Plaintiff's motion to strike defendant's reply is baseless and therefore will be denied.